## J. A. HOUGHTON v. JOSIAH MARSHALL.

A purchaser, with notice, takes the rights of his vendor and no more, and if the vendor only held the equitable title in trust, the vendee likewise holds as trustee.

Where a party is indebted for the balance of the consideration-money agreed to be paid for his homestead, and a judgment is rendered against him as a garnishee, the mere judgment does not discharge the indebtedness.

Where the wife voluntarily joins her husband in a conveyance of the homestead, from that time it ceases to be the homestead. (Paschal's Dig., Art. 1003, Note 427.)

The vendees of the homestead stand in the same relation to the original vendor as the husband and wife who conveyed stood. And if there be a balance due, the vendee, upon discharging it, becomes the absolute owner.

ERROR from Harrison. The case was tried before Hon. CHARLES A. FRAZER, one of the district judges.

This is an ordinary action of trespass to try title, instituted on the 9th of February, 1857, by the plaintiff in error, for the recovery of three lots of ground situated in the town of Marshall. The defendant pleaded not guilty, and the three, five, and ten years' statute of limitation. The jury found for the defendant; the plaintiff moved for a new trial, which being overruled by the court, he gave notice of appeal.

The plaintiff first filed his suit on the 13th of March, 1855; that cause, after remaining on the docket of the court for several terms, was dismissed for want of security for costs. After an ineffectual attempt to have the cause reinstated, plaintiff filed this suit, and at the fall term, 1858, went to trial; but, failing to make out his case, took a nonsuit. The plaintiff filed his motion to have said cause reinstated, which being granted, the case was once more on the docket for trial, and was tried at the March term, 1860. There was a verdict for the defendant.

The plaintiff claimed title to the land in question by

virtue of a deed executed to him on the 15th of July, 1853, by Ogle and wife. The defendant claimed under a bond for title from Ogle and wife to J. C. Everett, executed on the 9th of November, 1850, under an absolute deed from J. C. Everett and wife to J. D. Crawford, executed on the 25th January, 1851, and from J. D. Crawford, executed 8th December, 1854, to defendant.

*J. Marshall*, for plaintiff in error.—The argument was chiefly upon questions of practice.

*Penn & Burke*, for the defendant in error.

MORRILL, C. J.—One Ogle and wife, on the 7th November, 1850, contracted to sell to one Everett the land in controversy for a certain consideration named, and Everett took possession of the property, and paid a portion of the purchase-money at the time of making the contract.

Everett, on the 25th January, 1851, sold and conveyed by deed the land to one Crawford, who, in December, 1854, conveyed by deed the land to defendant, Marshall.

On the 15th July, 1853, between two and three years after Ogle made the contract of sale with Everett, the same vendors, Ogle and wife, sold and conveyed by deed the same land to plaintiff, Houghton, who in 1857 instituted suit to recover the land.

The larger part of the record shows that there was much controversy relative to immaterial issues in the district court, and as we do not conceive that the real questions at issue require their decision by us, we pass to what we deem material and decisive of the cause.

As both Everett and his immediate and subsequent vendees took and retained possession of the land at the respective times of their purchase, placed their titles on record, Houghton, the plaintiff, and who, as before stated, purchased from Ogle after the conveyance to Everett, took

by his purchase the same rights that Ogle had, and was charged with the same trusts that bound Ogle after the execution of the contract with Everett.

When Ogle and wife contracted to sell to Everett, they held the title to the land in trust for him, and as soon as Everett paid the purchase-money he was the equitable owner of the land.

It seems to be admitted that when Everett purchased the land he paid about $150, and soon afterwards about $900, and was indebted in the sum of, say $150, when he was garnisheed by the creditors of Ogle, and in January, 1851, judgments were rendered against him as such garnishee for the remainder which he owed Ogle on the purchase.

The main question at issue in the district court was, whether these judgments against Everett, as a debtor of Ogle, could be pleaded as a payment of the indebtedness due for the homestead of Ogle and wife. It is assumed by plaintiff that the wife must be the recipient of the purchase-money, and a payment under the circumstances does not discharge the indebtedness for the homestead.

The wife was not compelled to convey the homestead. If she did so, she did it voluntarily; and when she signed and sealed, in conjunction with her husband, "any deed or other writing purporting to be a conveyance" of the homestead, and acknowledged the same according to the provisions of the statute in such cases made and provided, it was no longer the homestead, and the money or property or bills receivable given in exchange therefor was community property. Even if the bills receivable had been made payable to the wife, they would have been community property, and the husband only, as the active member of the matrimonial partnership, could indorse them. (Hemingway v. Mathews, 10 Tex., 207.)

As, therefore, Everett had paid to Ogle, previous to January, 1851, the entire purchase-money, excepting the small remainder of $165, and judgment was rendered against him

for this sum, as hereinbefore stated, in January, 1851, all the right that Ogle and wife conveyed to Houghton by their deed in 1853 was in effect a power of attorney to convey to Everett.

The charge of the judge was as favorable to the plaintiff as even the earlier judgments of this court would warrant, and the jury did not err in their verdict. The judgment is

AFFIRMED.