ELLERD v. DOLLAR et al.    (No. 2362.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 15, 1924. Rehearing Denied Nov. 19, 1924.)

Homestead ⬉167—Husband and wife may in good faith sell homestead to pay debts; transaction not void by their continued residence thereon.

Husband joined by wife may in good faith sell homestead to pay debts, and fact that they continue to reside on the property after sale does not as a matter of law avoid the transaction.

Error from District Court, Hale County; R. C. Joiner, Judge.

Action by T. H. Dollar against J. J. Ellerd and others. Judgment for plaintiff, and unnamed defendants and named defendant brings error. Affirmed.

Kirk & Griffin, of Plainview, for plaintiff in error.

Kinder & Russell, of Plainview, for defendants in error.

HALL, C. J. Defendant in error Dollar filed suit against plaintiff in error and C. H. Curl, R. W. Brahan, trustee, Donohoo-Ware

Hardware Company, J. R. Ellerd, McAdams Lumber Company, and Mary, Eleanor, Joe, and Newton Gilbert, alleging, in substance, that J. J. Ellerd and wife sold to J. R. Ellerd certain town property in Plainview, Tex., and as part consideration the said J. R. Ellerd executed and delivered to J. J. Ellerd six vendor's lien notes for various sums of money, and that prior to the maturity of said notes J. J. Ellerd transferred the note declared upon in the sum of $1,085.-54 to him. He prayed for judgment for the amount of his note, interest, and attorney's fee, and a foreclosure of the vendor's lien upon the lots described in the note; that since the transfer of the note to him J. R. Ellerd had reconveyed the lots to J. J. Ellerd, who was then in possession of the property. The remaining notes of the series had been transferred by J. J. Ellerd to the various defendants named above. J. J. Ellerd answered by general denial and by special answer, alleging, in substance, that long prior to the execution of the notes he was indebted to the plaintiff Dollar and the other defendants in the respective sums evidenced by the several notes set out in the petition; that at the time of and long prior to the execution of the notes he was a married man, having a large family, and had used and occupied the property in question, as his homestead; that he had never delivered possession of his said homestead to J. R. Ellerd, and that the plaintiff and his codefendants knew that the property was his homestead, and that no possession thereof had been delivered to J. R. Ellerd; that the sale was made for the purpose of creating a lien upon the homestead, and was therefore unconstitutional and void; he prayed that the debt due J. R. Ellerd be canceled, and that the plaintiff and the other defendants take nothing. His codefendants, except J. R. Ellerd, by cross-action, sought to recover the amount of the respective notes held by them and a foreclosure of the vendor's lien upon the property. The case was submitted to the jury upon special issues. The first issue is as follows:

"On the date that J. J. Ellerd conveyed the property in question to Jasper R. Ellerd, was said transaction at said time a bona fide sale?"

Other special issues were submitted, but the court instructed the jury that, if issue No. 1 was answered in the affirmative, they need not answer any other issues. The jury answered special issue No. 1 in the affirmative, and judgment was entered for plaintiff Dollar and the other defendants upon their several cross-actions for the amounts of the notes held by them respectively, decreeing foreclosure of the vendor's lien upon the property. Plaintiff in error J. J. Ellerd complains of the court's action in refusing to direct a verdict in his favor, and in refusing to give the following special issue requested by him in lieu of special issue No. 1:

"Was the deed executed by the defendant J. J. Ellerd and wife on the 9th day of May, 1921, and the notes sued on herein made, executed, and delivered for the purpose of creating a lien on lots 5 and 6 in block 6, Highland Addition to the town of Plainview, Hale county, Tex., for the purpose of satisfying the respective indebtednesses then owing by said defendant to the plaintiff, Donohoo-Ware Hardware Company, R. W. Brahan, and C. H. Curl."

It is insisted under these propositions that, because the evidence shows that the notes sued upon were given, transferred, and delivered with the understanding and knowledge of the parties holding them, they were secured by a lien attempted to be created upon the homestead of J. J. Ellerd by making transfer of the property to Jasper R. Ellerd, and retaining a lien thereon as security to the parties for their respective debts, and, because the evidence further showed that J. J. Ellerd lived on the property and continued to live upon and occupy it as his homestead, it was error for the court to refuse defendant's requested special charge No. 1, and direct a verdict for him. It is further insisted, in this connection, that because J. J. Ellerd pleaded that the property in controversy was his homestead, used and occupied by him as such, the issue was not as to the bona fide intention of the parties to the transaction, but was rather whether the deed and notes were executed and delivered for the purpose of creating a lien upon his property, with a view to satisfy his indebtedness to the plaintiff and his codefendants, and that under all the evidence the verdict and judgment should have been in his favor. In his answer we find the following statement:

"While the said sale was made in good faith on the part of this defendant, it was made for the purpose of creating a lien on his said homestead, as hereinbefore shown, etc."

The plaintiff introduced in evidence an affidavit dated May 10, 1921, by J. J. Ellerd and wife, Nora Ellerd, to their son, Jasper R. Ellerd, which recites:

"That the deed executed by J. J. Ellerd and Nora Ellerd, conveying to Jasper R. Ellerd that certain land and premises described as lots Nos. 5 and 6, in block 6 of Highland Addition to Plainview, in Hale county, Tex., bearing date May 9, 1921, is a bona fide conveyance of said property, and evidences a bona fide sale thereof, and the notes described in said deed executed by Jasper R. Ellerd, and payable to J. J. Ellerd, are bona fide obligations of said J. R. Ellerd, executed by him in good faith, as a part of the consideration for said lands and premises. This affidavit is made for the purpose of inducing the Donohoo-Ware Hardware Company, the R. C. Ware Hardware Company, and the McAdams Lumber Company, to accept a portion of said notes in settlement of judgments

held by them against J. J. Ellerd, and to induce T. H. Dollar to accept one of said notes in settlement of a judgment held by him against J. J. Ellerd and Jasper R. Ellerd."

It appears that at the time of the sale of the property by Ellerd and wife certain of his creditors involved in this suit had levied an execution upon land belonging to J. J. Ellerd and situated in the south part of Hale county, and that his agreement to sell the town property was in consideration of the release of the farm property, and that he promised to sell his town property and satisfy the judgment with the proceeds thereof in order to save the farm from sale under execution. The statement of facts is voluminous, and, while the evidence is conflicting, it is sufficient to support the finding of the jury that the sale of the town property was made in good faith.

That the husband joined by the wife may in good faith sell their homestead for the purpose of paying their debts is settled law, and the fact that they continued to reside on the property after the sale does not. as a matter of law, avoid the transaction. Houghton v. Marshall, 31 Tex. 196; Edmonson v. Blessing, 42 Tex. 596; Id., 49 Tex. 333. Whether the sale was made in good faith was a question of fact for the jury, and the evidence is sufficient to support the finding that it was so made, and, even aside from the fact of estoppel, we think a proper judgment has been rendered. The refusal of the special issue requested by appellant was not error.

The judgment is affirmed.